UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARYL WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-1416-GMB |
| CITY OF BIRMINGHAM, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Williams filed his First Amended Complaint (Doc. 24) as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Doc. 22. In response, the City of Birmingham filed a motion to dismiss. Doc. 27. Shortly thereafter, the other two defendants—the Water Works and Sewer Board of the City of Birmingham ("the Board") and Vincent Covington—filed their own motion to dismiss the First Amended Complaint. Doc. 29. Williams then filed a motion for leave to amend his complaint for a second time and attached a proposed second amended complaint. Docs. 37 & 37-1. For the following reasons, Williams' motion to amend (Doc. 37) is due to be granted in part and denied in part. The City's motion to dismiss (Doc. 27) will be granted, but the court will deny the Board and Covington's motions to dismiss. Doc. 29.

## I.  RELEVANT BACKGROUND

### A. First Amended Complaint

Williams owns real property within the City of Birmingham that he purchased with the expectation of developing it "consistent with its commercial zoning." Doc. 24 at 2. At some point after purchasing it,[1] however, Williams discovered that the defendants were using his lot without his permission to store supplies and equipment, and that they had damaged some of the pavement on the lot in the process. *See* Doc. 24 at 3. After this discovery, Williams went to the Board's headquarters, where he spoke with a man named Doug Stockham, who admitted that the "Board ha[d] taken his lot without his permission and placed pipes, supplies and equipment on it . . . without just compensation." Doc. 24 at 3. Stockham promised Williams that Covington[2] would call him "to work out a remedy and compensation." Doc. 24 at 3.

Covington did call Williams, but he told Williams that the Board "had gotten permission to put the pipes, supplies and equipment on the lot from a person that they though[t] was the owner of the land." Doc. 24 at 3. Covington also refused to move the materials or to compensate Williams. Doc. 24 at 3, 4. He did, however, tell Williams that "the defendants would repair any damage to the property."

---

[1] The complaint does not include any of the relevant dates.
[2] Williams alleges that Covington "oversaw the initial taking of the lot." Doc. 24 at 3.

2

Doc. 24 at 4.  The materials "stayed on the lot for six months" after this conversation. Doc. 24 at 3.  "During those six months, the [Board] used the lot exclusive[ly], and tore up the pavement on the lot." Doc. 24 at 3.  Williams could not use his lot during this time. Doc. 24 at 3, 4.

The amended complaint alleges that the Board is a public corporation created under Alabama Code § 11-40-230, *et seq.*, and that it performs the "municipal function" of supplying water and sewerage. Doc. 24 at 2.  It further alleges that the Board "is incorporated under Article 8 of Title 11, Chapter 50 of the Alabama Code and is in that sense an agency of the city." Doc. 24 at 2.  According to the amended complaint, the Board "is a public agency of the City of Birmingham, and its employees are public employees of the City of Birmingham." Doc. 24 at 2.

The amended complaint includes five[3] counts: (1) declaratory judgment; (2) mandamus or inverse condemnation; (3) a violation of 42 U.S.C. § 1983; (4) trespass; and (5) conversion. Doc. 24 at 4–7.  The first count requests a declaration that the defendants violated the takings clauses of the United States and Alabama Constitutions. Doc. 24 at 4–5.  "If the defendants' taking of plaintiff's lot is held to constitute a valid exercise of police power," Count Two asks the court for an order directing the City "to commence condemnation proceedings" consistent

---

[3] The court does not include Count Six in this discussion because it contains only a request for attorneys' fees and costs—a potential remedy and not a separate cause of action.

with Alabama law. Doc. 24 at 5.  Count Three alleges violations of 42 U.S.C. § 1983 and of the takings, due process, and just compensation clauses of the United States Constitution. Doc. 24 at 5–6.  Counts Four and Five allege trespass and conversion claims under Alabama law. Doc. 24 at 5.

The counts do not single out the defendants they are stated against; they lump "the defendants" together throughout. Doc. 24 at 4–6.  Based on the style of the amended complaint, Williams is attempting to state his claims against Covington in both his official and individual capacities. Doc. 24 at 1.  And in his prayer for relief, Williams asks the court to declare that the defendants have violated his rights under the United States and Alabama Constitutions, to provide him with just compensation for the taking of his property, and to award monetary damages, including attorneys' fees and costs. Doc. 24 at 7.

**B.      Proposed Second Amended Complaint**

The proposed second amended complaint does not make any material changes to the first amended complaint's factual allegations. *See* Doc. 37-1 at 2–4.  It does, however, add two allegations to the "factual background" section.  First, Williams claims in the proposed second amended complaint that "all Defendants were acting on behalf of themselves individually and on behalf of, and for the benefit of the City of Birmingham." Doc. 37-1 at 4.  Williams also alleges that "each Defendant was acting in concert, both as an agent and/or a principal, for and on behalf of all the

other Defendants, so that the acts of one Defendant were the acts of all Defendants, thus making all the Defendants jointly and/or severally liable." Doc. 37-1 at 4.

The first two counts remain the same in the second amended complaint. Doc. 37-1 at 4–5. The amendments begin with Count Three, where Williams would add a clam for a "violation of the taking clause of the U.S. Constitution." Doc. 37-1 at 6. Despite the title of the cause of action, Williams also alleges in this count that his substantive and procedural due process rights have been violated. Doc. 37-1 at 6. And Count Four, although captioned as a "violation of 42 U.S.C. § 1983," is a verbatim recitation of his allegations in Count Two for inverse condemnation. *Compare* Doc. 37-1 at 5, *with* Doc. 37-1 at 7. And within this count, Williams invokes Alabama Code sections on condemnation proceedings, as well as "the just compensation requirement of condemnation as required by Alabama law and the taking clause of the U.S. Constitution." Doc. 37-1 at 7. There is no reference to Williams' due process rights in this count. *See* Doc. 37-1 at 7. The final two counts for trespass and conversion under Alabama law,[4] along with the prayer for relief, remain the same as those in the first amended complaint. Doc. 37-1 at 7–9.

As with the amended complaint, the proposed second amended complaint generically refers to "the defendants" in each count. Doc. 37-1 at 4–8. Likewise, the

---

[4] The proposed second amended complaint contains the same "count" for attorneys' fees and costs. Doc. 37-1 at 8.

5

style of the second amended complaint reflects that Williams states his claims against Covington in his official and individual capacities. Doc. 37-1 at 1.

## II.  LEGAL STANDARDS

### A.  Motion to Amend

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). The court should "freely" give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). In fact, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted).

Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (emphasis in original) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith,

dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id*. (citation and alteration omitted).

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The burden falls on the party opposing amendment to establish futility. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *See* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022).

### B.   Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." That rule must be read together with Rule 8(a), which mandates that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Rule 10(b) requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." The "self-evident" purpose of these rules is "to require

the pleader to present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

In their responses to the motion for leave to amend, the defendants contend that any amendment would be futile and that the federal claims stated against them

in either version of the complaint are due to be dismissed. *See* Docs. 39 & 40.  The court will begin, however, with a more fundamental problem with the proposed second amended complaint (as well as the first amended complaint).

**A.    Shotgun Pleading**

Shotgun pleadings violate Rule 8 by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (defining the four types of shotgun pleadings).  One type of shotgun pleading is a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. at 1321.  The second type is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322.  The third fails to separate the causes of action or claims for relief into different counts. *Id*. at 1322–23.  Finally, the fourth type of shotgun pleading asserts the claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id*. at 1323.

Williams' proposed second amended complaint falls squarely within the first, third, and fourth categories of shotgun pleadings.  First, Williams begins each cause of action by incorporating the allegations contained in the preliminary sections of the complaint. Doc. 37-1 at 4–8.  This type of incorporation by reference is

problematic in that it "force[s] the court [and defendants] to guess what conduct the counts are referring to because 'the answer is always everything that the [pleader] has previously mentioned anywhere in [any of the pleadings].'" *United States ex rel. Wallace v. Exactech, Inc.*, 2020 WL 4500493, at *8 (N.D. Ala. Aug. 5, 2020) (quoting *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020)).

Next, the complaint improperly combines causes of action. The law requires a plaintiff to separate his or her claims and to organize them "discretely and succinctly so that [an] adversary can discern what [the plaintiff] is claiming and frame a responsive pleading." *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Here, the federal counts include multiple causes of action within a singular count. For example, Count Three of the proposed second amended complaint purports to state a cause of action for a "violation of the taking clause of the U.S. Constitution" but also complains about violations of Williams' substantive and procedural due process rights. Doc. 37-1 at 6. Elsewhere, Count Four, which is captioned as relating to 42 U.S.C. § 1983, does not contain relevant allegations relating to federal law and instead is a verbatim restatement of the second count for inverse condemnation. And the last count describes a remedy, not a cause of action.

Finally, each count lumps together all of the defendants without distinguishing

among them by specifying who is responsible for every act or omission. The second amended complaint thus runs afoul of the Eleventh Circuit's explicit instructions on shotgun pleadings. *Weiland*, 792 F.3d at 1323 (stating that a complaint is deficient as a shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").

## B.  Futility of Amendment

Notwithstanding the above discussion, the court will analyze the futility of allowing Williams to file his proposed amended complaint. Considering each of the arguments presented in the motions to dismiss, the court agrees with the City that any amendment would be futile as to the claims stated against it. But while Covington and the Board may have meritorious arguments for the dismissal of the claims against them, the deficiencies in the proposed operative pleading prevent the court from resolving those arguments at this time.

As to the City, the proposed second amended complaint does not allege that it or any of its employees took direct actions with respect to Williams' property. Instead, as best the court can tell, Williams asserts constitutional violations against the City based on the claim that "all Defendants were acting . . . for the benefit of the City." Doc. 37-1 at 4. More specifically, Williams alleges:

> The Birmingham Water Works and Sewer Board is a public agency of
> the City of Birmingham, and its employees are public employees of the

11

> City of Birmingham. The City of Birmingham incorporated Birmingham Water Works and Sewerage Board as a public incorporation and agency. In so doing, the City of Birmingham delegated the water and sewerage functions of the City to the Birmingham Water Works and Sewerage Board. At all times mentioned herein, the Birmingham Water Works and Sewerage Board was engaged in the business and activities of [carrying out] the sewerage and water functions of the city of Birmingham.

Doc. 37-1 at 2.

"To prove municipal liability under § 1983, a plaintiff 'must show that the local government entity . . . has authority and responsibility over the governmental function at issue.'" *Teagan v. City of McDonough*, 949 F.3d 670, 675 (11th Cir. 2020) (quoting *Grech v. Clayton County*, 335 F.3d 1326, 1330 (11th Cir. 2003)). The question of whether an official or entity acts on behalf of a municipality is "dependent on an analysis of state law." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 786 (1997). Here, to determine whether the City possessed sufficient authority over the area in question, the court "must 'respect state and local law's allocation of policymaking authority,' and not 'assume that final policymaking authority lies in some entity other than that in which state law places it.'" *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996)).

Despite Williams' arguments and conclusory allegations in the proposed second amended complaint about the relationship between the City and the Board, there is a clear legal distinction between the City and the Board. Alabama has long

12

recognized "[t]he independence of a public-utility corporation . . . from the municipality it serves." *Water Works Bd. of City of Arab v. City of Arab*, 231 So. 3d 265, 271 (Ala. 2016) (citing *Water Works Board of Leeds v. Huffstutler*, 299 So. 2d 268 (1974)). In fact, the Alabama Supreme Court has held explicitly that a water works board formed under § 11-50-230 is "not a mere agency of the [municipality it serves] but a public corporation entirely separate and independent from [that municipality]." *Id.* at 272.

This settled principle of Alabama law is fatal to Williams' claims against the City. The proposed second amended complaint alleges that the Board "is a public corporation created pursuant to § 11-50- 230 *et seq.*, Ala. Code 1975." Doc. 37-1 at 2. As such, the Board is a separate entity from the City under Alabama law. The proposed second amended complaint does not allege that the City took any action relating to Williams or his property. Instead, it only links the City to the actions of the Board and Covington by virtue of the Board's municipal functions. These allegations are insufficient as a matter of law. Accordingly, any amendment would be futile, and Williams' claims against the City are due to be dismissed with prejudice.

**C.     Leave to Amend**

The court will give Williams one more chance to file an amended complaint that cures the deficiencies in his claims against the City and Covington. When

13

amending his complaint, Williams should take note of his obligations under the Federal Rules of Civil Procedure.  As explained above, Rule 8 requires that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct."  And Rule 10 requires that a complaint contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Williams' amended complaint must clearly set forth the facts concerning any incident about which he complains in separately numbered paragraphs.  The amended complaint must contain a separate count for each claim that contains a factual basis for that claim only.  Each count should identify the specific defendant(s) against whom the claim is asserted and the statute or law under which the claim is brought.  In addition, he must (1) identify each defendant he alleges participated in the violation of his rights; (2) describe what each defendant did that amounted to a violation of his rights; (3) state when and where the incidents underlying the violation of his rights occurred; (4) describe how the acts or omissions of each defendant resulted in harm to him; (5) identify the nature of that harm (for example, loss of money, income, or property; bodily injury; or interference with his right to engage in or refrain from some activity); and (6) state the specific relief he seeks from each defendant (for example, compensatory or punitive damages, or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses).

Finally, the amended complaint must be a stand-alone pleading and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading. The court will not permit Williams to resurrect claims dismissed with prejudice by this order.

## IV.  CONCLUSION

For these reasons, it is ORDERED as follows:

1. The City's motion to dismiss (Doc. 27) is GRANTED, and all claims stated against the City are DISMISSED with prejudice;

2. The Board and Covington's motion to dismiss (Doc. 29) is DENIED;

3. The motion for leave to amend (Doc. 37) is GRANTED in part and DENIED in part; and

4. Williams shall file his amended complaint on or before **July 24, 2024**. Failure to file an amended complaint by this deadline will result in the dismissal of this action for failure to state a claim and failure to prosecute.

DONE and ORDERED on July 10, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE